IN THE MATTER OF THE ESTATE OF MARTIN CLARK, DECEASED.

[No. 6,203; decided 1908.]

Executors—Computation of Commissions.—Under section 1618 of the Code of Civil Procedure, when part of the estate over $20,000 comes under the provision as to labor involved, commissions should be computed on it at the one-half rate, and on the balance at full rates. For the property not distributed in kind, and for property involving more "labor than the custody and distribution of the same," full commissions are allowed; for that distributed in kind, and involving no labor beyond its custody and distribution, half commissions on the excess over $20,000 is ample compensation.

Executors—Commissions When No Labor Beyond "Custody and Distribution."—Property consisting of money deposited in bank or of unimproved land "involves no labor beyond the custody and distribution of the same"; there must be active management and attention to constitute "more than mere custody and distribution."

COFFEY, J. In the above-entitled matter the following property is distributed in kind:

| | |
|---|---:|
| Money in bank | $28,606.15 |
| Money collected from rents | 2,870.57 |
| Personal property | 50.00 |
| Real estate, improved | 4,000.00 |
| Real estate, improved | 18,000.00 |
| Real estate, unimproved | 3,000.00 |
| | $56,526.72 |

It will be observed that the money in bank and the unimproved real estate amount to the sum of $31,606.15, while the improved real estate, rents collected and personal property amount to the sum of $24,920.57.

The question then arises whether the commissions on the $31,606.15 shall be computed at full rates, or at one-half of the rate under section 1618, Code of Civil Procedure.

The section referred to provides a scheme for the allowance of commissions to executors or administrators. An allowance of seven per cent is made on the first $1,000; four per cent on the next $9,000; three per cent on the next $10,000; two per cent on the next $30,000; one per cent on the next $50,000, and one-half of one per cent on all over $100,000.

In the construction of a statute the object of the lawmaker must be steadily borne in mind. A glance at the various amendments to section 1618, Code of Civil Procedure, will show that the object of legislation in amending the act has been to lower the rate of commissions especially in large estates, so as to protect estates against excessive costs of administration. It is well known that under former laws the "commissions" in large estates were far beyond the value of the services rendered, and amounted frequently to almost small fortunes; and for that reason a sliding scale, so to speak, was established by law. Yet, under the present system (the court being authorized to allow extra compensation in proper cases), executors are well compensated, as a general rule, and judges eminent for their ability and experience are of the opinion that the present rate is, at least, exceedingly liberal, if not excessive.

Section 1618, after fixing certain rates of computation for commissions, contains the following provision, inserted in 1881:

"Where the property of the estate is distributed in kind, and involves no labor beyond the custody and distribution of the same, the commissions shall be computed on all the estate above the value $20,000, at one-half of the rates fixed in this section."

The legislature recognized the difference between the value of services where the estate involved labor beyond the custody and distribution of property distributed in kind, and where no such labor was involved. It allowed full commissions in the latter case up to $20,000—thus preventing any hardship on the executor or administrator—and only one-half commissions on all over $20,000. This amendment to the section was made in furtherance of the object of making the expenses of administration more reasonable, and at the same time preserving the rights of the executor or administrator to a fair compensation for his services.

When the legislature provided that "where the property of the estate is distributed in kind, and involves no labor beyond the custody and distribution of the same," commissions on all over $20,000 should be computed at one-half of the rates, etc., did it mean that the whole estate, and every part and parcel thereof, should be distributed in kind, and also involve no labor beyond the custody and distribution of the same, to come under the reduction; or did it mean that the reduction should be made as to that part which is distributed in kind, and involves no labor beyond the custody and distribution of the same? (Of course, the excess over $20,000 is referred to.)

To illustrate: Suppose the estate is valued at $100,000, and consists of money in bank and bonds to be distributed in kind, to the value of $99,000, and real estate valued at $1,000. The real estate involved more labor than "the custody and distribution of the same," but the $99,000 in money and bonds did not. If full commissions should be allowed on $80,000 (the excess over $20,000), in the case supposed, because of the real estate valued at $1,000, the amendment is practically a dead letter. There is not one estate in five hun-

dred, but what some small part involves more labor than the custody and distribution of the same. Bearing in mind the policy of the legislature in reducing commissions, the fair construction of the statute is, that when part of the estate over $20,000 comes under the provision as to labor involved, commissions should be computed on it at the one-half rate, and on the balance at full rates. For the property not distributed in kind, and for property involving more "labor than the custody and distribution of the same" full commissions are allowed; for that distributed in kind, and involving no labor beyond its custody and distribution, half commissions on the excess over $20,000 is ample compensation.

In the Estate of Cudworth, 133 Cal. 462, 65 Pac. 1041, the supreme court, in affirming the decree of this court, quotes from the findings (italics ours) : "That the property of the estate of said decedent, and the care, management and administration thereof by said executor, has *necessarily involved*, and the said executor has properly bestowed and expended thereon, labor *beyond the mere custody and distribution* of the same"; and held that the finding was supported by the evidence.

But in the case in hand there is no such finding as yet.

The Estate of Towne, 143 Cal. 508, 77 Pac. 446, was a case in which it became necessary for the executor to obtain a license from the probate court of Essex county, Massachusetts, to collect moneys deposited by the deceased in five different savings banks therein. He also took charge and control of the property in Marin county, where the will was probated, collected rents, paid taxes, insured the buildings, made necessary repairs, cared for the trees, etc., and the court say: "All this involved attention, time and labor on the part of the executor in behalf of the estate; something *more* than mere *custody* and *distribution*. It was *active management*. . . . . It was *management* and *attention*, however, beyond the mere labor of custody and distribution of the estate. . . . ." (Italics ours.)

This case implies that there must be active management and attention, to constitute "more than mere custody and distribution."

In the case at bar, the money in banks (presumed to be savings banks) amounts to $28,606.15. That money required, and can require, no active management and attention. The executor need not go to the banks before drawing the money to pay over on final distribution, except once in each six months to have dividends entered on the passbooks. His only "labor" is keeping the passbooks, and having the dividends entered thereon—the banks "do the rest."

And so it is with the unimproved property, where not rented. There are no rents to collect, no buildings to insure, no repairs to be made—only taxes to pay.

The following computation of commissions is correct:

| | | | |
|---|---|---|---|
| On | $1,000.00 at 7% | .......................... | $    70.00 |
| On | 9,000.00 at 4% | .......................... | 360.00 |
| On | 10,000.00 at 3% | .......................... | 300.00 |
| On | 4,920.57 at 2% | .......................... | 98.41 |

$24,920.57

| | | | |
|---|---|---|---|
| On | $25,079.43 at 1% (half rates) | ............. | 250.79 |
| On | 6,526.72 at ½% (half rates) | ............. | 32.63 |

$56,526.72                                    $1,111.83

The $24,920.57 is made up of the first $20,000.00 and $4,920.57, of the balance of the estate on which the executor is entitled to full commissions.

The $25,079.43 is the balance of "the next $30,000.00" mentioned in section 1618, Code of Civil Procedure, and commissions are computed at only half rate, viz., one per cent.

The remaining $6,526.72 is part of the "next $50,000.00" mentioned in the section, and commissions are computed at half rate, viz., one-half of one per cent.